IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02302-BNB

IRA MILHOUSE,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Ira Milhouse initiated this action by filing *pro se* a Complaint. On November 27, 2006, he filed an amended complaint. The court must construe the amended complaint liberally because Mr. Milhouse is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. Milhouse will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Mr. Milhouse and has determined that the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir.

1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Milhouse fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends. In other words, he fails to identify the statutory authority that allows this court to consider the claims he is asserting in this action. Mr. Milhouse also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is not clear what claim or claims Mr. Milhouse intends to assert against the Defendant in this action. Finally, Mr. Milhouse fails to request any relief in the amended complaint. Mr. Milhouse must submit a pleading that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Milhouse file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Milhouse, together

with a copy of this order, two copies of the following form: Complaint.  It is

FURTHER ORDERED that, if Mr. Milhouse fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED November 28, 2006, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02302-BNB

Ira Milhouse
908 S. Yampa Street, #202
Aurora, CO 80017

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 11/28/06

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
      Deputy Clerk